SAMUEL L. OSBORNE, Petitioner-Appellee v. THE CONSOLIDATED JU-
DICIAL RETIREMENT SYSTEM OF NORTH CAROLINA, Respondent-
Appellant

No. 9223SC52

(Filed 19 May 1992)

### Pensions § 1 (NCI3d) — judges — retirement system — purchase of credit — method of calculation

In an action challenging repondent's method of calculating
the cost for petitioner to purchase service credits in the Con-
solidated Judicial Retirement System for his military service,
the Recommended Decision of the Administrative Law Judge
correctly concluded that petitioner's rights under N.C.G.S.
§ 135-4(m) as of 1 July 1981 allowed him to purchase his credit
at the reduced rate unrestricted by the three year limitation.
The legislation repealing the former N.C.G.S. § 135-4(f)(6)
specifically recognized and protected the accrued rights of all
members covered by that statute.

**Am Jur 2d, Pensions and Retirement Funds § 1645.**

APPEAL by respondent from *Freeman (William H.), Judge.*
Order entered 18 November 1991 in Superior Court, WILKES Coun-
ty. Heard in the Court of Appeals on 11 May 1992.

Petitioner instituted this civil action by filing a Petition for
a Contested Case Hearing pursuant to G.S. 150B-23 on 13 August
1990 in which petitioner challenged respondent's method of calcula-
tion of the cost for him to purchase service credits in the Con-
solidated Judicial Retirement System for his military service as
allowed by G.S. 135-4. The contested case hearing was held before
an Administrative Law Judge on 23 August 1991 who entered
and filed a Recommended Decision and Entry of Summary Judg-
ment for Petitioner.

On 23 October 1991 the contested case was heard by the Board
of Trustees of the Consolidated Judicial Retirement System and
on 29 October 1991, the Chairman of the Board of Trustees, Harlan
E. Boyles, issued the Board's Final Agency Decision which held
that the Recommended Decision of the Administrative Law Judge
should not be adopted. The Board made Findings of Fact and Con-

clusions of Law contrary to those made by the Administrative Law Judge and denied petitioner's request for relief.

Petitioner thereafter filed a Petition for Judicial Review pursuant to G.S. 150B-45 in Superior Court, Wilkes County on 4 November 1991. On 19 November 1991, Judge Freeman entered an order finding that the Final Agency Decision of the Board of Trustees was erroneous as a matter of law and adopting the Recommended Decision of the Administrative Law Judge in favor of petitioner.

Respondent appeals from the order entered by the superior court.

*Ferree, Cunningham & Gray, P.A., by George G. Cunningham, for petitioner, appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Alexander McC. Peters, for respondent, appellant.*

HEDRICK, Chief Judge.

The parties have stipulated to the facts relevant to this appeal. Petitioner has been a district court judge for the Twenty-Third Judicial District in North Carolina continuously since 7 December 1970 and has served as a chief district court judge for that district since 2 March 1981. Petitioner became a member of the Uniform Judicial Retirement System (now the Consolidated Judicial Retirement System) on 7 December 1970 and had completed ten (10) years of membership service as of 7 December 1980. After completing ten (10) years of membership service, petitioner became eligible pursuant to G.S. 135-4(f)(6) to purchase three (3) years and ten (10) months retirement credit based upon petitioner's prior military service of three (3) years and ten (10) months in the Armed Forces of the United States.

In December, 1986, petitioner inquired as to the cost of purchasing his credit for military service. He was informed by letter from the retirement system that the purchase cost, through 1 April 1987, would be Fifty Thousand One Hundred Seventy-One Dollars and 39/100 ($50,171.39). This cost was calculated by the retirement system using the formula provided by G.S. 135-4(m) (the "full actuarial cost") and was valid only through 1 April 1987 after which date the price had to be recalculated. As of July, 1990, the cost to petitioner pursuant to this formula had risen to One Hundred

Ninety-One Thousand Three Hundred Sixteen Dollars and 18/100 ($191,316.18).

There is an alternative formula set forth in G.S. 135-4(f)(6) or 135-4(f)(7)a· (the "reduced cost"). All parties agree that, were petitioner eligible to purchase pursuant to this formula, his cost for retirement credit for three (3) years and ten (10) months of military service would have been Three Thousand Six Hundred Forty-Seven Dollars and 87/100 ($3,647.87) as of July, 1990. Petitioner is ready, willing and able to pay the cost for the purchase of his military service credit under the formula provided in G.S. 135-4(f)(6) or 135-4(f)(7)a. Respondent contends that petitioner is not entitled to use of this formula and must purchase at the full actuarial cost.

North Carolina General Statutes Section 135-4(f)(6) was repealed as of 1 July 1981. Session Laws 1981, c. 636, s.1. The repealing act specified however that "any inchoate or accrued rights of any member on July 1, 1981 shall not be diminished." At the time of its repeal, G.S. 135-4(f)(6) stated in pertinent part:

> *Notwithstanding any other provision of this Chapter*, teachers and other State employees not otherwise allowed service credit for service in the armed forces of the United States may, upon completion of 10 years of membership service, purchase such service ·credit by paying in a total lump sum an amount, based on the compensation the member earned when he first entered membership and the employee contribution rate at that time, with sufficient interest added thereto so as to equal one-half the cost of allowing such service, plus a fee to cover expense of handling payment . . . .

(Emphasis added). The formula for the "reduced rate" that was embodied within G.S. 135(f)(6) until 1981 is presently embodied within G.S. 135-4(f)(7)a which was enacted in 1989. Session Laws 1989, c.762, s.3.

As the legislation repealing former G.S. 135-4(f)(6) specifically recognized and protected the accrued rights of all members covered by that statute, the issue on this appeal is the determination of petitioner's accrued rights as a member of the Retirement Fund as of 1 July 1981. Respondent argues that the terms of G.S. 135-4(m), as that statute was written on 1 July 1981, required that petitioner purchase the retirement credit at the "reduced rate" within three

(3) years after becoming eligible to purchase. After the expiration of the three (3) year period, according to respondent, petitioner can only purchase the credit pursuant to the formula set forth in 135-4(m) which is the "full actuarial cost." All agree that petitioner "became eligible to purchase" this credit on 7 December 1980.

North Carolina General Statutes Section 135-4 is an extensive statute which is denominated "Credible Service." The numerous sections and subsections of this statute set forth various types of employee service, one of which is prior military service, which may entitle a member employee to additional retirement credit. The language of G.S. 135-4(m) upon which respondent relies reads: "All repayments and purchases of service credits, allowed under the provisions of this section, must be made within three years after the member first becomes eligible to make such repayments and purchases." This provision is obviously intended to have general application to section 4 of Chapter 135.

As set out above, however, section 4(b)(6) of Chapter 135 as it was written at the time of its repeal contained the restrictive introductory phrase "Notwithstanding any other provision of Chapter 135 . . . ." Considering the well established rule of statutory construction that "words in a statute must be given their natural, ordinary meaning," *In re Arthur*, 291 N.C. 640, 642, 231 S.E.2d 614, 615 (1977), and that "a section of a statute dealing with a specific situation controls . . . other sections which are general in their application . . . [and] the specifically treated situation is regarded as an exception to the general provision . . . ," *State ex. rel. Utilities Comm. v. Lumbee River Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969), we find that the qualifying language "Notwithstanding any other provision of Chapter 135" necessarily excluded the application of 135-4(m) to those members eligible for the "reduced rate" formula pursuant to the terms of 135-4(b)(6).

The Superior Court correctly held that the Final Agency Decision of the respondent was erroneous as a matter of law in that it wrongfully concluded that petitioner was required by G.S. 135-4(m) to purchase his military credit within three (3) years at the "reduced rate" or pay "full actuarial cost" any time thereafter. The Recommended Decision of the Administrative Law Judge correctly concluded that petitioner's rights under this statute as of 1 July 1981 allowed him to purchase his credit at the "reduced rate" unrestricted

by the three (3) year limitation. Pursuant to the language of the repealing statute, petitioner retains his rights as they existed on that date.

The order of the Superior Court is affirmed.

Affirmed.

Judges ARNOLD and COZORT concur.